(Reap. Dec. 9684)

EUGENE DIETZGEN CO., INC., ET AL. *v.* UNITED STATES

Entry No. 709521, etc.

(Decided April 27, 1960)

*Eugene R. Pickrell* for the plaintiffs.
*George Cochran Doub,* Assistant Attorney General, for the defendant.

LAWRENCE, Judge: The proper dutiable value of certain drawing instruments and cases covered by the appeals for a reappraisement enumerated in the schedule, attached to and made part of the decision herein, is before the court for determination.

The parties hereto have entered into a stipulation of fact wherein it has been agreed as follows:

IT IS HEREBY STIPULATED AND AGREED by and between the counsel for the Plaintiffs and the Assistant Attorney General for the United States that the merchandise, covered by the appeals for reappraisement enumerated in Schedule A, attached hereto and made a part hereof, and described below by catalog numbers consist of drawing instruments and cases which in the decision of *Keuffel & Esser Co.* vs. *United States,* Abstract No. 59557, were held to be separately dutiable; that the cases and drawing instruments, in accordance with that decision, should be appraised separately instead of as an entirety; and that the market value or price at the time of exportation of the drawing instruments and cases covered by these appeals for reappraisement at which such or similar merchandise was freely offered for sale to all purchasers in the principal markets of Western Germany in usual wholesale quantities and in the ordinary course of trade for export to the United States plus the cost of all containers and all coverings of whatever nature and all other costs, charges and expenses incident to placing the merchandise in question, packed ready for shipment to the United States was as set forth below; that the weight of the cases was as set forth below:

| Catalog number | Value of drawing instruments | Value of cases | Weight of cases (lbs.) |
|---|---|---|---|
| #190029–A/01299–50 | | | |
| 1096 L | $2. 55 | $. 72 | . 505 |
| 712 G | 2. 17 | . 36 | . 180 |
| 1096 LC | 2. 49 | . 92 | . 530 |
| 1085 S | 2. 87 | . 42 | . 520 |
| #190916–A/02045–50 | | | |
| 1096 | 2. 38 | . 76 | . 440 |
| 1086 S | 3. 24 | . 97 | . 595 |
| 1097 LC | 3. 29 | . 83 | . 550 |
| 1084 S | 2. 38 | . 59 | . 165 |
| 986 | 10. 65 | . 62 | . 200 |
| 990 | 3. 51 | . 44 | . 175 |

| Catalog number | Value of drawing instruments | Value of cases | Weight of cases (lbs.) |
|---|---|---|---|
| | #190923–A/02050–50 | | |
| 1066 R | $4. 12 | $. 45 | . 440 |
| 1096 LC | 2. 58 | . 95 | . 530 |
| 1094 | 1. 62 | . 44 | . 375 |
| 1092 | 1. 00 | . 33 | . 285 |
| 1086 SC SPEC. | 3. 58 | . 84 | . 600 |
| 1087 S | 3. 41 | . 87 | . 570 |
| 1087 SC | 3. 54 | . 87 | . 550 |
| | #195456–A/05859–50 | | |
| 1086 SC SPEC. | 3. 58 | . 84 | . 600 |
| 1095 | 2. 02 | . 60 | . 420 |
| 1096 | 2. 27 | . 71 | . 440 |
| 1066 R | 4. 12 | . 45 | . 440 |
| 1096 LC | 2. 58 | . 95 | . 530 |
| 1093 | 1. 27 | . 39 | . 265 |
| 992½ | 1. 95 | . 35 | . 175 |
| 1097 LC | 2. 97 | . 74 | . 550 |
| | #201298–A/10510–50 | | |
| 1047 MC | 6. 37 | . 55 | . 650 |
| 1047 M | 5. 95 | . 55 | . 690 |
| 1057 KC | 4. 54 | . 93 | . 660 |
| 1060 KC | 6. 90 | 1. 22 | 1. 035 |
| 1037 C | 6. 59 | 1. 65 | . 615 |
| 1087 SC | 3. 62 | . 87 | . 550 |
| 1066 RC | 4. 06 | 1. 00 | . 485 |
| 1067 RC | 4. 51 | 1. 00 | . 530 |
| 1053 KC | 2. 74 | . 68 | . 460 |
| 1774 M | 2. 10 | . 30 | . 330 |
| 1094 | 1. 62 | . 44 | . 375 |
| 1095 | 2. 02 | . 60 | . 420 |
| 1092 | 1. 00 | . 33 | . 285 |
| 1093 | 1. 27 | . 39 | . 265 |
| 1057 KCZ | 4. 80 | 1. 60 | . 705 |
| | #203738–A/00035/51 | | |
| 1037 C | 6. 59 | 1. 65 | . 615 |
| 1037 CD | 6. 61 | 1. 65 | . 615 |
| 1047 MC | 6. 37 | . 55 | . 650 |
| 1087 SC | 3. 62 | . 87 | . 550 |
| 990 | 2. 68 | . 34 | . 175 |
| 978 | 3. 60 | . 50 | . 265 |
| 1094 | 1. 62 | . 44 | . 375 |
| 1774 M | 2. 10 | . 30 | . 330 |
| 1067 RC | 4. 51 | 1. 00 | . 530 |

IT IS FURTHER STIPULATED AND AGREED that on or about the dates of exportation of the said merchandise, such or similar merchandise was not freely offered for sale for home consumption to all purchasers in the principal markets of Western Germany.

Upon the agreed facts before the court, I find and hold that export value, as that value is defined in section 402(d) of the Tariff Act of 1930 (19 U.S.C. § 1402(d)), is the proper basis of value for the drawing instruments and cases in issue and that said value is as set forth in the tabulation above.

As to any other merchandise, the appeals are dismissed.

Judgment will issue accordingly.